**The Cardoza Law Corporation**
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
548 Market St. #80594
San Francisco, CA 94104
Telephone: (415) 488-8041
Facsimile: (415) 651-9700
*Attorney for Plaintiff*,
Anthony Marcel Arriaga

# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ANTHONY MARCEL ARRIAGA**<br><br>Plaintiff,<br><br>v.<br><br>**NELSON CRUZ & ASSOCIATES, LLC;**<br><br>Defendant | Case No.: '18CV0328 LAB KSC<br><br>**COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

///

///

///

///

**COMPLAINT FOR DAMAGES**

## INTRODUCTION

1. This is a case about a U.S. military servicemember who was illegally threatened, intimidated, harassed, and coerced by a debt collector in an attempt to make him pay money. The debt collector made illegal phone calls, lied about the legal status of the debt, and threatened to report him to his Commanding Officer and military chain of command if he did not pay right away.

2. **ANTHONY MARCEL ARRIAGA** ("Plaintiff"), by Plaintiff's attorney, brings this action for actual damages, statutory damages, punitive damages, attorney fees, and costs, against **NELSON CRUZ & ASSOCIATES, LLC** for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to the Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. All violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

6. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

7. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

8. This action arises out of Defendant's violations Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter "RFDCPA"), and tortious acts of negligence and invasion of privacy.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## FDCPA AND RFDCPA

10. In enacting the FDCPA, Congress found that:

a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

e. It is the purpose of this title to eliminate abusive debt collection practice by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect Consumers against debt collection abuses. 15 U.S.C. § 1692.

11. Similarly, when enacting the RFDCPA, the California Legislature found that:

> The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. Cal. Civil Code § 1788.1(a)(1).

12. The FDCPA and the RFDCPA are both strict liability statutes. That is, a plaintiff need not prove intent or knowledge on the part of the debt collector to establish liability. *See Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060-61 (9th Cir. 2011); *Donohue v. Quick Collect*, 592 F.3d 1027, 1030 ("[t]he FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional").

**COMPLAINT FOR DAMAGES**                                                                  Page 4 of 16


13. To further protect consumers, claims under the FDCPA and RFDCPA are to be judged according to the "least sophisticated debtor" or "least sophisticated consumer" standard. *Gonzales* at 1061. This standard is lower than the "reasonable debtor" standard, and is specifically designed to protect consumers of below average and sophistication or intelligence. *Id.* In addition, a plaintiff need not even have actually been misled or deceived by the debt collector's communication. Rather, liability depends on whether the *hypothetical* least sophisticated debtor – someone who is uninformed and naïve – would have likely been misled. *Id.*; *see also Tourgeman v. Collins Financial Servs.*, 755 F.3d 1109, 1119 (9th Cir. 2014).

**PARTIES**

14. Plaintiff is a natural person who resides in the County of San Diego, State of California. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and "Debtor" as that term is defined by California Civil Code § 1788.2(h).

15. Defendant Nelson Cruz & Associates, LLC (hereinafter "Defendant Nelson Cruz") is a Texas corporation operating from an address of 9535 Forest Lane STE 114, Dallas, TX 75243, and is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate, it operates a nationwide debt

collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of California, its principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others, and, in fact was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

16. This case involves money due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

17. Plaintiff is an individual residing in the County of San Diego in the State of California.

18. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted and continues to conduct business in the State of California.

19. When Plaintiff turned 18 years old in 2009, his parents were badly in need of household appliances. Plaintiff went together with his parents to Conn's furniture store in Texas where they bought a washer, dryer, and a refrigerator – using Plaintiff's credit.

20. Plaintiff's parents promised to pay for the appliances, and did make some payments possibly as recently as April of 2010, but in their ensuing breakup and

divorce, the remainder went unpaid. Plaintiff didn't have the money to pay the debt and made no payments himself.

21. The Statute of Limitations period in California in which a creditor may sue an alleged debtor to recover an alleged debt owed in civil court is four (4) years from the date of last payment.

22. Plaintiff enlisted in the United States Marine Corps in 2016 and is currently an active duty servicemember aboard one of the military installations in San Diego County.

23. Article 134 of the Uniform Code of Military Justice is applicable to U.S. military servicemembers at all times. For the crime of failing to pay a monetary debt, it prescribes a maximum punishment of six (6) months in prison.

24. On or about the beginning of January 2018 while at home with his wife and children, Plaintiff, an active duty servicemember in the U.S. Marine Corps, received an unsolicited telephone call on his cell phone from Defendant who was calling from a Texas Area Code in order to get Plaintiff to pay the debt originally owed to Conn's Furniture store. This was Plaintiff's initial contact with Defendant. During this call, Defendant failed to identify itself as a debt collector or notify Plaintiff that any information gathered during the call would be used for the purpose of collecting a debt. Plaintiff explained that he didn't have the money to pay, but Defendant was persistent and Plaintiff finally terminated the call.

25. Between early January and February 1, 2018, Plaintiff received telephone calls

from Defendant but upon recognizing the caller's phone number, did not answer them.

26. On February 1, 2018, immediately prior to the monthly physical assembly of his entire military unit, Plaintiff received an incoming call from a local telephone number with a California Area Code. Because he presumed the call to be from a local caller, Plaintiff picked up the call to find that it was the Defendant who was calling.

27. On this phone call of February 1, 2018, from a "Karen Hanes," Defendant did not identify itself as a debt collector and proceeded to try to get Plaintiff to pay. Plaintiff explained that he didn't have enough money and offered to pay Defendant $20 per month. The response from "Karen Hanes" was laughter and a bottom line offer of $1800. During this phone call, Defendant asked Plaintiff words to the effect of "Have you ever been sued before?"

28. On this same phone call of February 1, 2018, Defendant told Plaintiff words to the effect of "[y]ou're refusing to pay and we're going to contact your Commanding Officer and your chain of command!" Defendant also told Plaintiff words to the effect of "[w]e're going to place a judgement on you and then send that judgement over to the JAG's office!" When Plaintiff replied that he didn't want to make any commitment that he couldn't ultimately uphold, Defendant responded with words to the effect of "[w]ell, we're just going to have to move forward with the judgement then."

29. Concerned that Defendant would, in fact, contact his Commanding Officer and chain of command, and that he would be subject to punishment and/or adverse administrative action for failing to pay the debt and for concealing its existence, Plaintiff went to his Commanding Officer immediately in order to try to explain his situation. Plaintiff's superiors reviewed Plaintiff's personal finances in detail, referred Plaintiff to the office of uniformed military attorneys aboard the base who are charged with providing legal advice to servicemembers, and recommended that he take out a loan to pay the Defendant whatever money they were demanding.

30. On the order of his military superiors, Plaintiff called Defendant back on February 6, 2018. On this call, Plaintiff asked Defendant "what he needed to do" and Defendant replied to Plaintiff with words to the effect that if he paid them $1300 by Friday February 9, 2018, Defendant would "stop the judgement and won't sue, and won't call your Commanding Officer."

31. During this phone call of February 6, 2018, Plaintiff asked Defendant if Plaintiff wasn't, in fact, protected from judgment by the Servicemember's Civil Relief Act (SCRA, 50 U.S.C. Ch. 50) where upon Defendant transferred Plaintiff to a male representative who told him words to the effect of "[I]'m prior Army" and "you're not covered by that unless you're deployed so – sorry if you thought you were going to outsmart us!" and "[w]e will contact the people we need to contact to make you pay this!"

32. In 2017, the leading cause for denial of a U.S. Department of Defense Security Clearance was for "financial considerations." (See https://news.clearancejobs.com/2018/01/31/top-reasons-security-clearance-denial-2017/)

33. On either the phone call of February 1st or of February 6th, Defendant told Plaintiff that if Plaintiff didn't pay this particular debt, then Plaintiff could lose his Security Clearance.

34. On February 6, 2018, Defendant left Plaintiff a voicemail on his cell phone in which "Karen Hanes" failed to identify Defendant as a debt collector and told Plaintiff words to the effect of "[t]his is a time-sensitive matter. I will give you 24 hours to respond to this voicemail message before moving forward."

35. At no time did Defendant ever request Plaintiff's mailing or physical address.

36. Plaintiff has never received any written communications from Defendant.

## ACTUAL DAMAGES

37. Plaintiff has suffered actual damages as a result of these illegal collection and intimidation tactics by this Defendant in the form of, invasion of privacy, personal embarrassment, loss of personal reputation, loss of productive time, nausea, and feelings of fear, anxiety, hopelessness, anger, persecution, emotional distress, frustration, upset, humiliation, and embarrassment, amongst other negative emotions.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

# COUNT I

## VIOLATION OF § 1692D OF THE FDCPA

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. A debt collector violates § 1692d of the FDCPA when it engages in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

40. Defendant violated § 1692d when it, among other qualifying actions and omissions, willfully annoyed, abused, harassed Plaintiff, and placed telephone calls to Plaintiff without meaningful disclosure of Defendants' identity.

# COUNT II

## VIOLATION OF § 1692E OF THE FDCPA

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. A debt collector violates § 1692e of the FDCPA when it uses any false, deceptive, or misleading representation or means in connection with the collection of any debt.

43. Defendant violated § 1692e when it, among other qualifying actions and omissions, failed to provide Plaintiff with the information required by § 1692e(11), willfully misrepresented the legal status of the debt, to wit: that it was subject to unilateral civil enforcement; threatened Plaintiff with actions that

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

Case 3:18-cv-00328-LAB-KSC   Document 1   Filed 02/09/18   PageID.12   Page 12 of 16

Defendant could not legally be taken, to wit: legal action and unauthorized disclosure of his alleged debt to a third-party; used deceptive means to attempt to collect a debt, to wit: telling Plaintiff that he would be sued and subject to civil judgment; and threatening to call Plaintiff's Commanding Offer and chain of command about the debt when, in fact, Defendant had no present intention or ability to do so.

## COUNT III

### VIOLATION OF § 1692F OF THE FDCPA

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. A debt collector violates § 1692f of the FDCPA when it uses unfair or unconscionable means to collect or attempt to collect any debt.

46. Defendant violated § 1692f when it, among other qualifying actions and omissions, willfully and without justification, telling Plaintiff that he would be sued and subject to civil judgment; and threatening to call Plaintiff's Commanding Offer and chain of command and disclose Plaintiff's alleged debt to them.

## COUNT IV

### VIOLATION OF § 1692G OF THE FDCPA

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. A debt collector violates § 1692g of the FDCPA when it fails, within five days after the initial communication with a consumer, to send certain notice to the consumer.

49. Defendant violated § 1692g when it, among other qualifying actions and omissions, willfully and without justification, failed within five days of initially contacting Plaintiff to send him the notices required by § 1692g(a).

## COUNT V

### VIOLATION OF § 1788.10(E) OF THE RFDCPA

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. A defendant violates § 1788.10(e) of the RFDCPA when it threatens that nonpayment of the debt may result in the attachment of any property or wages unless such action is permitted by law.

52. Defendant violated § 1788.10(e) of the RFDCPA when they willfully threatened to take action to effect a civil judgment against Plaintiff when such action was neither contemplated by Defendant nor permitted by law.

## COUNT VI

### VIOLATION OF § 1788.11(B) OF THE RFDCPA

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. A defendant violates § 1788.11(b) of the RFDCPA when it places telephone

calls without disclosure of the caller's identity.

55. Defendant violated § 1788.11(b) of the RFDCPA when, on at least one occasion, it willfully placed a telephone call to Plaintiff and mischaracterized Defendant's identity as that of a California entity by "spoofing" a California number local to the Plaintiff, thereby failing to provide Plaintiff with any meaningful disclosure of Defendant's identity.

## COUNT VII

### VIOLATION OF § 1788.13(J) OF THE RFDCPA

56. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57. A defendant violates § 1788.13(j) of the RFDCPA when it falsely represents that a legal proceeding has been, is about to be, or will be instituted unless payment is made.

58. Defendant violated § 1788.13(j) of the RFDCPA when it willfully and falsely represented to Plaintiff that legal proceedings might be instituted in order to get Plaintiff to pay.

## COUNT VIII

### VIOLATION OF § 1788.17 OF THE RFDCPA

59. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60. A defendant violates § 1788.17 of the RFDCPA when it fails to comply with

the provisions of 15 U.S.C. § 1692b to 1692j, inclusive.

Defendants violated § 1788.17 of the RFDCPA when they willfully engaged in conduct, the natural consequence of which the violation of 15 U.S.C. § 1692d, § 1692e, § 1692f, and § 1692g.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

a) Award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) and pursuant to Cal. Civ. Code § 1788.30 (RFDCPA), against Defendant and for Plaintiff, and,

b) Award of statutory damages in the amount of $1000.00 pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) against Defendant and for Plaintiff, and,

c) Award of statutory damages in the amount of $1000.00 pursuant to Cal. Civ. Code § 1788.30 (RFDCPA) against Defendant and for Plaintiff, and,

d) Award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) and pursuant to Cal. Civ. Code § 1788.30 (RFDCPA), against Defendant and for Plaintiff, and,

e) Award to Plaintiff of such other and further relief as may be just and proper.

## **TRIAL BY JURY IS DEMANDED.**

61. Pursuant to the seventh amendment to the Constitution of the United States of

America, Plaintiff is entitled to, and demands, a trial by jury.

**THE CARDOZA LAW CORPORATION**

DATED: February 9, 2018        BY: /S/ MICHAEL F. CARDOZA
MICHAEL F. CARDOZA, ESQ.
(SBN: 194065)
MIKE.CARDOZA@CARDOZALAWCORP.COM
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104
TELEPHONE: (415) 488-8041
FACSIMILE: (415) 651-9700

ATTORNEY FOR PLAINTIFF,
ANTHONY MARCEL ARRIAGA